**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 19, 2022**

# In the Court of Appeals of Georgia

A21A1656. CITY OF CONYERS v. SAMPSON.

MERCIER, Judge.

Troy Sampson filed an action against the City of Conyers, Rockdale County, and other parties, claiming that he fell and was injured due to an uncovered manhole. The City filed a motion to dismiss the complaint on the ground that Sampson's ante litem notice failed to comply with the notice provisions of OCGA § 36-33-5. The trial court denied the City's motion but issued a certificate of immediate review. We granted the City's application for interlocutory review, and this appeal followed. We reverse.

The appellate court reviews the denial of a motion to dismiss de novo. *Tanks v. Nesmith*, 359 Ga. App. 596 (859 SE2d 559) (2021). Further, "a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty

that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." Id. (citation and punctuation omitted).

The record reveals that Sampson filed a complaint against the City, the County, Family Entertainment, Inc., and five John Does alleging that he "fell due to [a] hazardous uncovered manhole of the area around the sidewalk in 1047 Flat Shoals Rd. SE, Rockdale County, Conyers, Ga 30316." Sampson sent an ante litem notice to the City and the County asserting:

> The claims against Rockdale County, Georgia and the City of Conyers, Georgia are based upon the negligence and recklessness for not maintaining the cover for the manhole and/or its cover, and for not confirming that the cover was not missing, and or not warning pedestrians of the missing manhole cover, on a path frequented and used by pedestrians. The notice stated further: "The amount of the·claim is $500,000.00, which Troy Sampson believes to be within the limits of insurance."

The City moved to dismiss Sampson's complaint on the ground that the ante litem notice did not comply with OCGA § 36-33-5 (e) which requires the notice to state the specific amount being sought from the City. It argued that Sampson only

stated the amount of his claim, and because the notice was sent to the City and the County, "it was impossible for the City to determine if [Sampson] was requesting it to pay the entire $500,000, half the amount or some combination that totals $500,000." The trial court denied the City's motion to dismiss, finding that

> [a]lthough the ante litem notice was sent to [the City] and Rockdale County, [the City] failed to show a requirement to provide separate anti litem notices to each individual defendant. Moreover, [Sampson's] demand for monetary damages was specific enough to provide [the City] an opportunity to investigate before litigation so as to determine whether litigation could be avoided.

We disagree.

Under OCGA § 36-33-5 (b), a party seeking to assert a claim against a municipality must, within six months of the event on which the claim is based, "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." And OCGA § 36-33-5 (e) provides that

> [t]he description of the extent of the injury required in subsection (b) of this Code section *shall include the specific amount of monetary damages being sought from the municipal corporation*. The amount of

3

monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

(Emphasis supplied.)

We have explained that

[t]he purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation. In other words, requiring a claimant to provide the municipality with specific information about his or her claim and alleged injuries, as well as a demand for the specific amount of monetary damages the claimant is seeking as compensation for such injuries, allows the municipality to make an informed decision about whether to accept the "offer of compromise," make a counteroffer, or otherwise resolve the claim in order to avoid litigation.

*Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019) (citations and punctuation omitted). Whether OCGA § 36-33-5 (e), enacted in 2014, "requires substantial or strict compliance is not clear; neither we nor our Supreme Court has expressly decided the issue. But we need not resolve the issue here because

4

under either standard, the [ ] ante litem notice was insufficient." *Picklesimer v. City of Eatonton*, 356 Ga. App. 504, 506 (847 SE2d 863) (2020).

Sampson's joint notice to the City and the County stated only that the "amount of the claim is $500,000." So it essentially provides that the amount sought from the City *and* the County will not exceed $500,000, leaving the City to speculate what amount between $0 and $500,000 constituted Sampson's offer of compromise to the City. To accept Sampson's notice would render the term "specific amount" in OCGA § 36-33-5 (e) meaningless. See generally *Ga. Govt. Transparency & c. v. New Ga. Project Action Fund*, 359 Ga. App. 32, 35 (2) (a) (856 SE2d 733) (2021) ("we presume that the legislature did not intend to enact meaningless language") (citation and punctuation omitted). Sampson argues that OCGA § 36-33-5 "does not require a plaintiff to apportion liability and damages between joint tortfeasors/co-Appellants in an ante litem notice." But as we explained in *Wright*, the statute is not concerned with "the actual dollar amount of the damages allegedly incurred." Supra at 689-690 (1). Rather, the purpose is to provide the specific amount sought from the municipality as an offer of compromise. And under Sampson's notice, the City is unable "to make an informed decision about whether to accept the 'offer of

compromise,' make a counteroffer, or otherwise resolve the claim in order to avoid litigation." Id. at 689 (1).

Sampson's joint ante litem notice was too indefinite. See, e.g., *Davis v. City of Valdosta*, 357 Ga. App. 900, 901-902 (852 SE2d 859) (2020) (ante litem notice "claiming damages for medical bills in the amount of $30,000 as well as general damages 'in an amount not less than $20,000.00,'" insufficient to satisfy the "specific amount" requirement of OCGA § 36-33-5 (e)); *Tanks*, supra at 600 (anti litem notice stating, "Amount of Loss Claim: $75,000.00, Grady Memorial Hospital bill in excess of $10,000," too indefinite to constitute a binding offer of settlement). The notice failed to strictly or substantially comply with subsection (e) because it did not provide a specific amount that would constitute a binding offer of settlement that could be accepted by the City. Accordingly, the trial court erred in denying the City's motion to dismiss.

*Judgment reversed. Dillard, P. J., and Pinson, J., concur*.